■ FRANK SCALIA, Respondent, v. AUSEREHL & SON CONTRACTING CORP., Defendant-Appellant and Third-Party Plaintiff-Respondent. SIMON HOLLAND & SON, INC., Third-Party Defendant-Appellant.— In a negligence action to recover damages for personal injuries, (1) defendant appeals from so much of a judgment of the Supreme Court, Kings County, entered November 16, 1970, as is against it and in favor of plaintiff, upon a jury verdict of $115,000, and (2) the third-party defendant appeals from the entire judgment, which is

also against it and in favor of defendant as the third-party plaintiff, upon the trial court's decision. Judgment reversed, on the facts, and a new trial granted, with costs jointly to appellants against plaintiff to abide the event. Plaintiff, Frank Scalia, while employed as an iron worker at the construction site of the Seaboard World Airlines Cargo building at John F. Kennedy Airport, allegedly fell from a ladder, sustaining a fracture of the left hip. The defendant and third-party plaintiff, Auserehl & Son Contracting Corp., was the general contractor for the construction of the building and performed some of the work required to be done. It subcontracted to the third-party defendant, Simon Holland & Son, Inc., the job of furnishing and erecting the necessary structural steel. Holland in turn engaged Atlas Erectors (plaintiff's employer) to erect the structural steel. The center of controversy at the trial and on this appeal has focused on the dispute over whether, in fact, plaintiff fell from the ladder which had the letters "AUS" inscribed on it, apparently owned by Auserehl and used by various subcontractors, from which he claims to have fallen, or whether, if in fact he did fall from a ladder, it was from the ladder depicted in Auserehl's photographs which were taken over a 45-minute period, beginning some 15 minutes after the accident. The latter ladder was not owned by Auserehl; and all the parties to the dispute concede that that ladder was not the same as the "AUS"-marked ladder. Neither of plaintiff's coworkers who testified in his behalf actually saw him fall from the "AUS"-marked ladder, although both testified that it was near where plaintiff lay after his fall. These witnesses also testified that the top rung of that ladder was broken. Plaintiff testified that he fell from that ladder when its top rung broke as he was descending from it. Auserehl's case centered around the photographs taken by its employee whose job it was to take pictures any time anything unusual happened at the construction site. That employee testified that he had been called to the site by defendant's superintendent of construction and that he arrived there about 15 minutes after the accident occurred. He saw an ambulance and people crowded around plaintiff, who was lying on the ground, and immediately proceeded to take pictures of the accident scene, both while plaintiff was still on the ground and after he had been taken to the hospital. One of his photographs showed a man lying at the foot of a ladder other than the "AUS"-marked one. The ladder in that photograph had no broken rungs and was not owned by Auserehl. Two eyewitnesses testified on behalf of Auserehl that they saw plaintiff fall when a guy wire or steel cable erected by Atlas snapped as he was holding on to it. The investigating police officer testified that plaintiff himself told him (the officer) at the scene that he (plaintiff) fell when the cable broke. In view of Auserehl's photographs taken at the scene of the accident just a short time after it had occurred, which depict a man lying at the foot of a ladder — concededly not the ladder from which plaintiff claims to have fallen, in view of plaintiff's own testimony that he was not moved prior to being placed in an ambulance, and in view of the testimony of plaintiff's two key witnesses that neither plaintiff nor the ladder from which he allegedly fell was moved prior to plaintiff's removal to the ambulance, we conclude that the verdict is against the weight of the credible evidence. Rabin, P. J., Hopkins, Munder and Brennan, JJ., concur; Martuscello, J., not voting.